IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARIA E. ROSALES, )<br>)<br>Defendant. )<br>_____ ) | Case No. 5:20-cv-00183 |

## **DEFENDANT MARIA E. ROSALES ANSWER TO UNITED STATES' ORIGINAL AND FIRST AMENDED COMPLAINT**

Defendant Maria E. Rosales (Taxpayer) responds to Plaintiff's United States of America (Plaintiff) First Amended Complaint as follows:

1. Admits.

2. Admit that venue is proper in Laredo under 28 U.S.C. 1391(b)(1) and (b)(2) but alleges that 28 U.S.C. 1391(c)(3) is applicable as Ms. Rosales permanent residence in now in Mexico. Admits that Ms. Rosales is a U.S. citizen but denies that she is liable for the FBAR penalty.

3. Admits.

4. Admits.

5. Admits.

6. Admits

7. Admits.

1

8. Denies and alleges that Hector Carmona was in total control of the businesses and excluded Ms. Rosales from the operation and management of the businesses. He also denied her access to any of the business or banking records. Ms. Rosales interest in the companies was limited to her community property interest in the companies.

9. Admits that Ms. Rosales in name only owned businesses in Mexico but alleges that Hector Carmona was in total control of the businesses and excluded Ms. Rosales from the operation and management of the businesses and from the business records.

10. Admits that Mexican companies were owned by Ms. Rosales and her husband but that was in name only. Ms. Rosales asserts that Hector Carmona was in total control of the businesses and excluded Ms. Rosales from the operation and management of the businesses and from the business records.

11. Admit but asserts that Hector Carmona was in total control of the businesses and excluded Ms. Rosales from the operation and management of the businesses.

12. Admits.

13. Admit that Ms. Rosales had financial interests in Mexico with her husband but asserts that asserts that Hector Carmona was in total control of the businesses and excluded Ms. Rosales from the operation and management of the businesses. Mr. Carmona had total control over the business and bank records and would not allow Ms. Rosales access to them. FBARs were filed with the Offshore Disclosure Initiative after the taxpayer and her husband learned of the obligation. Denies for lack of sufficient knowledge or information the number of foreign accounts held by Ms. Rosales and Hector Carmona.

14. Admits that Ms. Rosales had signature authority on bank accounts in Mexico during tax years 2005 through 2012 but denies for lack of sufficient knowledge or information the number of accounts upon which she had signature authority. The taxpayer further asserts that Mr. Carmona had total control over the bank accounts and more importantly the bank tokens. As a result, Ms. Rosales had no right to access bank records in Mexico.

15. Admits that Ms. Rosales had signature authority on bank accounts in Mexico during tax years 2005 through 2012 but denies for lack of sufficient knowledge or information the number of accounts upon which she had signature authority. The taxpayer further asserts that Mr. Carmona had total control over the bank accounts and more importantly the bank tokens. As a result, Ms. Rosales had no right to access bank records in Mexico.

16. Denies for lack of sufficient knowledge or information.

17. Denies for lack of sufficient knowledge or information.

18. Denies for lack of sufficient knowledge or information.

19. Admits that a FBAR was required to be filed for 2005 but denies that Ms. Rosales had knowledge of the requirement to file the FBAR nor did she have access to bank records and/or financial information needed to file an FBAR.

20. Admits that a FBAR was required to be filed for 2006 but denies that Ms. Rosales had knowledge of the requirement to file the FBAR nor did she have access to bank records and/or financial information needed to file an FBAR.

21. Admits that a FBAR was required to be filed for 2007 but denies that Ms. Rosales had knowledge of the requirement to file the FBAR nor did she have access to bank records and/or financial information needed to file an FBAR.

22. Admits that a FBAR was required to be filed for 2008 but denies that Ms. Rosales had knowledge of the requirement to file the FBAR nor did she have access to bank records and/or financial information needed to file an FBAR.

23. Admits that a FBAR was required to be filed for 2009 but denies that Ms. Rosales had knowledge of the requirement to file the FBAR nor did she have access to bank records and/or financial information needed to file an FBAR.

24. Admits that a FBAR was required to be filed for 2010 but denies that Ms. Rosales had knowledge of the requirement to file the FBAR nor did she have access to bank records and/or financial information needed to file an FBAR.

25. Admits that a FBAR was required to be filed for 2011 but denies that Ms. Rosales had knowledge of the requirement to file the FBAR nor did she have access to bank records and/or financial information needed to file an FBAR.

26. Admits that a FBAR was required to be filed for 2012 but denies that Ms. Rosales had knowledge of the requirement to file the FBAR nor did she have access to bank records and/or financial information needed to file an FBAR.

27. Admits that Ms. Rosales did not file FBARs for 2005 through 2012 but alleges that her failure was due to lack of knowledge of the requirement and reasonable cause.

28. Admits that Ms. Rosales had a filing obligation for 2005 through 2012 but alleges that her failure to file was due to lack of knowledge of the requirement and reasonable cause.

29. Admits that Ms. Rosales had a filing obligation for 2005 through 2012 but alleges that her failure to file was due to lack of knowledge of the requirement and reasonable cause.

30. Denies.

31. Denies.

32. Denies.

33. Denies for lack of sufficient knowledge or information..

34. Denies.

35. Denies for lack of sufficient knowledge or information.

36. Denies for lack of sufficient knowledge or information.

37. Denies for lack of sufficient knowledge or information the allegations made in the first sentence.  Denies the allegations in the second sentence.

38. Admits that Ms. Rosales did not file Form 5471 for tax years 2005 through 2012 but assets that she was not aware of the filing obligation and that Mr. Carmona held all records for them personally and professionally and denied her access to the records.  Denies the remaining allegations for lack of sufficient knowledge or information.

39. Admits that an account was opened for the housekeeper but denies the remainder for lack of sufficient knowledge or information.

40. Denies for sufficient knowledge or information.

41. Denies for lack of sufficient knowledge or information.

42. Denies for lack of sufficient knowledge or information.

43. Denies for lack of sufficient knowledge or information.

44. Denies for lack of sufficient knowledge or information.

45. Denies for lack of sufficient knowledge or information.

46. Denies for lack of sufficient knowledge or information.

47. Denies for lack of sufficient knowledge or information.

48. Admits that the statute provides for penalties for failure to file an FBAR but denies that Ms. Rosales failure to timely file an FBAR was willful and that she has reasonable cause for any failure to file the FBAR timely.

49. Denies that the taxpayer willfully failed to file FBARs for tax years 2005 through 2012; admits that the Treasury Secretary has assessed penalties against her as shown in the complaint but denies that she is liable for the amounts shown.

50. Denies for lack of sufficient knowledge or information whether the assessments were timely made on October 24, 2018.  Unless a statute extension was filed, the statute of limitations would have expired for tax years 2005 through 2011 prior to the date of the assessment.

51. Denies for lack of sufficient knowledge or information whether Ms. Rosales signed statute extensions for assessment of the 2005 through 2012 FBAR penalties through to December 31, 2018.  Denies the remaining allegations due to lack of sufficient knowledge or information.

52. Denies for lack of sufficient knowledge or information whether proper notice and demand was made on Ms. Rosales.

53. Admits that Ms. Rosales has failed to pay the FBAR penalties assessed against her and denies she is liable for the amounts assessed.

54. Denies.

55. **FURTHER ANSWERING THIS COMPLAINT**, the Taxpayer asserts that the statute of limitations for assessment of FBAR penalties as provided in 31 U.S.C. § 5321(b)(1) expired for tax years 2005 through 2011.

56. The due date for assessment of the FBAR penalties for 2005 through 2011 is as is June 20 of the following year with no extensions.

57. The penalties were assessed by the Service on October 24, 2018. Unless a statute extension was signed by the taxpayer, the statute of limitations for assessment had expired for all years except 2012.

58. The taxpayer does not recall signing a statute extension and none have been provided to this counsel. Unless a valid extension was filed, the assessments against the taxpayer are fatally defective and this suit seeking to reduce to judgment and collect outstanding penalties should be dismissed for 2005 through 2011.

WHEREFORE, the Taxpayer requests:

1. That the relief sought by the United States be denied;

2. That this Court hold that the statute of limitations for assessment for tax years 2005 through 2011 expired prior to the assessment by the IRS; and

3. That this Court hold that the suit to seek collection of FBAR penalties was untimely for tax years 2005 through 2011; alternatively

4. That this Court find that the failure to timely file the FBAR returns was by Ms. Rosales was not willful; and

5. That Ms. Rosales had reasonable cause for her failure to timely file the FBAR returns.

Respectfully submitted,

*/s/Derek B. Matta*
Derek B. Matta
Counsel for Alicea Hope Edison
S. D. of Texas Bar No. 437818
3700 Buffalo Speedway, Suite 1000
Houston, Texas 77098
Telephone:  (713) 333-0555
Telecopier:  (713) 333-0550
Email: dmatta@cctaxlaw.com

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was filed and served electronically, via the ECF system, or via Certified Mail on the 28th day of December 2020 to the following parties:

Herbert W. Linder
Dept. of Justice, Tax Division
717 N. Harwood, Suite 400
Dallas, Texas 75201

*/s/ Derek B. Matta*
Derek B. Matta
Counsel for Defendant